IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANDREW GAYLOR,                 )

                             )

          Plaintiff,         )      Case No. 07-749-HO

                             )

             v.               )      ORDER

                             )

Commissioner of Social Security,    )

                             )

          Defendant.        )

_____)

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits. Plaintiff asserts disability beginning in November of 1997, due to right elbow and hand pain, chronic neck and back pain, right leg and foot pain, side effect from medicine, depression, liver inflammation, and sleep disruption among other impairments. After

1 - ORDER

a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled.

Plaintiff contends the ALJ erred in: (1) omitting limitations from plaintiff's residual functional capacity; and (2) relying on vocational testimony that failed to account for all limitations in that it was based on an incomplete hypothetical.

A.  Residual Functional Capacity

Plaintiff contends the ALJ failed to include limitations regarding plaintiff's neck, left arm and right arm.  Plaintiff relies on the opinion of treating physician Dr. David Thayer, his wife's observations, his own testimony, and the fact that he was awarded some worker's compensation in support of limitations resulting from left arm pain.  Plaintiff also argues that the ALJ, despite having found plaintiff's neck condition to be severe, failed to define what limits were associated with the neck condition.  Plaintiff also argues that the ALJ failed to provide reasons for rejecting plaintiff's testimony regarding his right arm limitations.  In addition, plaintiff contends the ALJ failed to properly reject a host of other limitations contained within plaintiff's testimony.

1.  Treating Physician

Plaintiff contends that the ALJ improperly relied on the medical opinions of Drs. Martin Lahr and Scott Pritchard because

such opinions failed to account for plaintiff's left arm and neck conditions. Plaintiff contends that Dr. Thayer limited plaintiff to no vibrations such as jack hammers and power equipment and no more than moderately repetitious work based on left arm limitations. See Tr. 613.

Dr. Thayer limited plaintiff to medium work, while Drs. Lahr and Pritchard limited plaintiff to light work. Tr. 221-28, 612. The ALJ assessed plaintiff at the light level with additional limitations. Accordingly, the ALJ incorporated limitations beyond those asserted by Dr. Thayer. Moreover, although Dr. Thayer noted limitations regarding repetitious work and vibrations in 1999 one year after plaintiff's left elbow surgery, in 2003 Dr. Thayer only noted a problem with the right elbow and that steroid injections provided relief. Tr. 610. Nonetheless, the jobs identified by the vocational expert do not expose plaintiff to vibrations and identify light work. The ALJ did not err with respect to the medical evidence.

## 2.   Plaintiff's Testimony

Plaintiff primarily relies on his own testimony to establish limitations beyond those found by the ALJ. Plaintiff testified that repetitive activities and bending his left arm caused aggravation. Plaintiff also testified to difficulty grasping and managing pain in his right arm Additionally, plaintiff testified to a need to lie down six times a day for 15-60 minutes and a need

to miss work half the time a month.

The ALJ did not fully credit plaintiff's testimony. The ALJ noted that plaintiff worked at the substantial gainful activity level for significant periods during the time plaintiff alleged disability. Tr. 393-94, 404, 459-64, 627-32. The ALJ noted that plaintiff was less than candid regarding his work activity and earning levels for 2005. Tr. 404, 463, 629, 638 (answers range from none to $1,000 or $2,000 despite the record showing $12,659 in earnings). The ALJ also indicated that the medical record conflicted with plaintiff's complaints specifically noting the relief obtained with medication and plaintiff's statements to medical providers regarding significant activity. Tr. 395-402, 404, 152, 205, 243, 347, 512, 533. The ALJ provided clear and convincing reasons for failing to credit all of plaintiff's testimony. See, e.g., Greger v. Barnhart, 464 F.3d 968, 972 (work activity after alleged on-set date); Smolen v. Chater, 80 F.3d 1273, 1284 (ALJ may rely on effectiveness of pain medication and prior inconsistent statements). The ALJ did not err with respect to plaintiff's testimony.

### 3.   Lay Testimony

Plaintiff contends the ALJ failed to properly reject plaintiff's wife's testimony that plaintiff could only perform chores in increments. The ALJ only credited the lay testimony to the extent it supports a finding that claimant can do light work.

4 - ORDER

The ALJ specifically noted plaintiff's activities such as working after the alleged onset date.  Tr. 404.  The ALJ gave germane reasons for failing to fully credit plaintiff's wife's testimony to the extent it was inconsistent with the ALJ's residual functional finding and thus did not err in this regard.

B.   Reliance on Vocational Testimony

Plaintiff asserts the ALJ failed to include all limitations noted above in the hypothetical to the vocational expert and thus that the ALJ could not properly rely on the vocational expert's opinion.  However, as noted above, the ALJ properly excluded the limitations to the extent alleged by plaintiff.

CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is affirmed.

DATED this   24th   day of   December  , 2008.

                                    s/ MICHAEL R. HOGAN
                              UNITED STATES DISTRICT JUDGE

5 - ORDER